# EXHIBIT A

# Individual and Class Action Complaint

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: March 13, 2023 5:02 PM<br>FILING ID: 9B99A2702743A<br>CASE NUMBER: 2023CV30498 |
| **ANGELA VALDEZ, RICKY ABEYTA, MARK FRANKLIN, and MICHAEL CHILDS,** individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>**UNIVERSAL LOGISTICS OF VIRGINIA, LLC,** a Virginia Limited Liability Company,<br><br>         Defendant. | COURT USE ONLY |
| David H. Miller, Atty Reg. 8405<br>Victoria E. Guzman, Atty Reg. 55401<br>THE WILHITE & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7667<br>Facsimile : (303) 832-7102<br>dhmiller@wilhitelawfirm.com<br>vguzman@wilhitelawfirm.com<br>*Attorneys for the Plaintiffs* | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** ||

The Plaintiffs, Angela Valdez ("Valdez"), Ricky Abeyta ("Abeyta"), Mark Franklin ("Franklin"), and Michael Childs ("Childs"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from the Wilhite & Miller Law Firm, pursuant to Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et seq., the Colorado Overtime and Minimum Pay Standards ("COMPS") Order #36, 7 C.C.R. 1103-1 (2020) (collectively, "Colorado Wage and Hour Law"), as their Individual and Class Action Complaint against the Defendant, Universal Logistics of Virginia, LLC, dba Estes Dedicated, a Virginia Limited Liability Corporation ("ULV" or "Defendant"), states as follows:

## PARTIES

1.      Valdez, Abeyta, Franklin and Childs are Colorado residents whose attorneys, the Wilhite & Miller Law Firm, are located at 1600 Ogden Street, Denver, Colorado 80218.

1

2. Plaintiffs are each former employees of Defendant ULV who seek to represent a Class consisting of dozens of employees who were subject to ULV's illegal wage and hour policies as to overtime and providing rest breaks.

3. The Defendant operates a trucking business in the State of Colorado within Arapahoe County, and in other Colorado counties, and is a foreign limited liability company registered in the State of Colorado.

4. The principal office address for the Defendant is 3901 W. Broad St., Richmond, VA 23230, and Corporation Service Company is the registered agent, with a mailing and street address of 1900 W. Littleton Boulevard, Littleton, CO 80120.

5. At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" of the Defendant under Colorado Wage and Hour Law. *See* C.R.S. §8-4-101(5).

6. The Defendant is an "employer" as set forth in the Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(6); *see also* 29 U.S.C. sec. 203 (d).

## JURISDICTION and VENUE

7. Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

8. This Court has original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution.

9. ULV is registered with the state in Arapahoe County, Colorado and conducts substantial business in this jurisdiction and other counties in Colorado.

10. The facts and circumstances giving rise to this Complaint occurred in Arapahoe County and in other locations in the State of Colorado.

11. Venue is proper under C.R.C.P. 98(b) and (c) because ULV resides in Arapahoe County, Colorado through it registered agent.

## FACTUAL ALLEGATIONS

### A. General Allegations

12. The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

13. Defendant operates a trucking business in the State of Colorado.

14. The Plaintiffs were hired to provide pick-up and delivery services for certain Home Depots in Colorado.

15. The Plaintiffs did not cross state lines in the course of their employment with the Defendant.

16. Each of the Plaintiffs was assigned a Home Depot where they would start and end each day, leaving their truck there overnight.

17. Each Plaintiff was assigned to a Home Depot in close proximity to their home.

18. On information and belief, between March 16, 2020 and December 31, 2020 ("Relevant Period"), Defendant employed approximately 30 or more such delivery drivers.

19. Valdez worked for ULV from approximately March of 2019 to approximately July of 2021.

20. Franklin worked for ULV from approximately April of 2019 to approximately April of 2021.

21. Childs worked for ULV from approximately December of 2018 to approximately April of 2021.

22. Abeyta worked for ULV from approximately March of 2020 to approximately August of 2021.

23. Upon hire, ULV told the Plaintiffs that they would receive an annual salary.

24. The Plaintiffs were never paid on an annual salary basis.

25. The annual salary was an estimate of what the Plaintiffs could earn annually if they worked 6 days per week every week, and earned a compliance bonus every day they worked.

26. Plaintiffs were paid a daily salary, plus various non-discretionary bonuses each week.

27. During the relevant period, each of the Plaintiffs were paid a daily salary of between $190 and $200.

28. During the relevant period, each of the Plaintiffs were paid a daily "Compliance Pay" bonus in the amount of $33.33 if they started on time, performed their routes as planned by ULV, and made customer time windows. This was a non-discretionary bonus under Colorado wage and hour law.

29. During the relevant period, each of the Plaintiffs were paid an additional $4.00 "Delay Rate" for each time they were delayed by a customer or store. This was a non-discretionary bonus under Colorado wage and hour law.

30. During the relevant period, each of the Plaintiffs were paid an additional $0.75 "Out of Area Rate" for every mile driven after the first 60 air miles. This was a non-discretionary bonus under Colorado wage and hour law.

31. Each of the Plaintiffs' job title was "Driver, Class A Flatbed Home Delivery-L2L" ("L2L").

32. The Plaintiffs bring this action on their own behalf and on behalf of all such ULV workers classified as an L2L driver and/or who performed such job duties and made deliveries within the state of Colorado without crossing into other states ("Class Members").

33. Each of the Plaintiffs were regularly scheduled to work six days each week during the relevant period.

34. Each of the Plaintiffs regularly worked in excess of 40 hours each week, and occasionally worked in excess of 12 hours in a day, during the relevant period.

35. ULV utilizes an app called "Mobile Link" which tracked Plaintiffs and the Class Members throughout the day.

36. The Plaintiffs received their schedule for the day at the beginning of each shift.

37. ULV scheduled the Plaintiffs to be consistently moving throughout each shift.

38. ULV did not schedule time for Plaintiffs to take rest breaks.

39. ULV required the Plaintiffs to record each and every activity throughout their day in Mobile Link.

40. ULV had real time monitoring capabilities through Mobile Link.

41. If the Plaintiffs failed to timely record their activities or missed a scheduled pick up or delivery, their supervisor would contact them.

42. The time spent performing Pre- and Post- Checks were not recorded in Mobile Link.

43. The Plaintiffs worked between 15 and 30 minutes each day performing Pre- and Post- Checks.

44. The time spent performing Pre- and Post- Checks was time worked for overtime purposes.

45. The Plaintiffs did not receive overtime premium compensation for their hours worked in excess of 40 in a week, or 12 in a day during the relevant period as required by Colorado Wage and Hour Law.

46. ULV scheduled the Plaintiffs in a way that did not allow them to take 10-minute rest breaks for every 4 hours of work, or major portions thereof.

47. ULV discouraged the Plaintiffs from taking a rest break during their shifts as they would be contacted if they did not stay on schedule.

48. The Plaintiffs' shifts were effectively extended by 10 minutes for every rest break they were denied.

49. At all times during the relevant period, due to its common policy or practice applicable to all Class Members, ULV failed to properly pay the Plaintiffs and Class Members an overtime premium for all hours worked in excess of 40 in a week and 12 in a day, and failed to provide the Plaintiffs and Class Members all rest breaks they were entitled to.

50. For every rest break denied during the relevant period, the Plaintiffs' and the Class Members' time worked was extended by 10 minutes.

51. For Abeyta, in addition to denying rest breaks and failing to pay an overtime premium during the Relevant Period, ULV unlawfully deducted from Abeyta's wages during his employment.

52. During the course of his employment, Abeyta caused damage to ULV's truck.

53. Upon information and belief, ULV required Abeyta to pay for the damages and deducted sums from Abeyta's paychecks.

54. Abeyta estimates that ULV unlawfully deducted approximately $958.00 from his wages during his employment.

55. Abeyta is entitled to back wages for the unlawful deductions.

56. On March 13, 2023, the Plaintiffs filed this Complaint and will thereafter serve ULV with this Complaint as a demand for the payment of their and the Class Members' wages in the form of this Complaint pursuant to C.R.S. § 8-4-109, through the undersigned counsel.

57. ULV knows that the law changed on March 16, 2020, expressly entitling the Plaintiffs and the Class Members to overtime and rest breaks during the relevant period.

58. ULV nevertheless failed to properly pay the Plaintiffs an overtime premium or schedule the Plaintiffs in such a way to permit rest breaks, and has yet to remit payment to the Plaintiffs.

59. ULV knew or should have known, that its acts of deducting from Plaintiff Abeyta's wages for damages at any time during his employment was in violation of Colorado Wage and Hour Law, but nevertheless unlawfully deducted from Abeyta's wages.

60. At all times relevant to this Complaint, ULV's actions toward the Plaintiffs and the Class Members were "willful" as defined by Colorado Wage and Hour Law.

### B. Class Allegations

61. Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

62. In addition to bringing their claims individually, Plaintiffs also bring this case as a class action under C.R.C.P. 23 on behalf of the following Class Members:

> All persons who worked for ULV as regular full-time and/or part time L2L drivers in Colorado and did not cross state lines during their deliveries from March 16, 2020 to December 31, 2020 and worked more than 40 hours in a week, 12 hours in a day, and/or were denied at least one ten-minute rest break.

63. The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

   a. The Class consists of approximately 30 or more employees, and individual joinder of all such employees is impracticable;

   b. There are questions of law and fact that are common to the Class, which questions predominate over issues affecting only individual Class Members, including:

      i. Whether ULV had a policy or practice of failing to properly provide overtime premium pay to such L2L employees when they worked over 40 hours in a work week or 12 hours in a day;

      ii. Whether ULV had a policy or practice of failing to provide 10-minute rest breaks to the Class Members for every four hours, or major fractions of four hours, worked by the Class Members;

      iii. Whether ULV's policies or practices violated Colorado Wage and Hour Law;

      iv. The nature of the damages due to Class Members for ULV's violations of Colorado Wage and Hour Law; and

      v. Whether ULV's violations of Colorado Wage and Hour Law were willful.

   c. The Plaintiffs' claims are typical of the Class Members' claims in that they were not properly paid an overtime premium for hours worked in excess of 40 in a week or 12 in a day, and they were not authorized or permitted to take a 10-minute rest break for every four hours, or major fraction of four hours, that they worked.

   d. The Plaintiffs will fairly and adequately protect the interests of the Class. They have retained counsel that is experienced in wage and hour class litigation. The Plaintiffs and their counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

64. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for ULV.

65. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests.

66. Moreover, ULV has acted on grounds generally applicable to the Class.

67. A separate class action on behalf of the Plaintiffs and the Class Members was filed and litigated for two years, however, ULV settled with the named plaintiff in that case before class certification could be decided. Abeyta was aware of the previous class action and relied on the previous action to protect his interests. That case has since been dismissed and, on information and belief, no other Class Members have expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

**COUNT I:**
**FAILURE TO PAY OVERTIME IN VIOLATION OF**
**COLORADO WAGE AND HOUR LAW**
**On Behalf of the Plaintiffs and the Class**
Colo Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

68. Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

69. At all times during the Relevant Period, ULV was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1 Rule 1.6 (2020).

70. At all times during the relevant period, the Plaintiffs and the Class Members were "employees" of ULV under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1 Rule 1.5 (2020).

71. On March 16, 2020, the Colorado Overtime and Minimum Pays Standards ("COMPS") Order #36 came into effect.

72. The COMPS Order #36 expressly entitled the Plaintiffs and the Class Members to overtime pay for all hours worked in excess of 40 hours in a week and 12 in a day, during the relevant period.

73. Under Colorado Wage and Hour Law, ULV was required to pay the Plaintiffs and the Class Members an overtime premium for all hours worked in excess of 40 hours in a week and 12 in a day during the relevant period.

74. Under Colorado Wage and Hour Law, ULV was required to pay the Plaintiffs and the Class Members an overtime premium based on their regular rate of pay for all overtime hours during the relevant period.

75. ULV violated Colorado Wage and Hour Law by denying the Plaintiffs and the Class Members overtime premium pay based on their regular rate of pay for all hours worked in excess of 40 in a week and 12 in a day.

76. Because ULV was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during the relevant period, the Defendant's violations were willful.

77. Because ULV became aware of the requirements of Colorado Wage and Hour Law during the relevant period, and nevertheless failed to pay the Plaintiffs their owed overtime wages, the Defendant's violations were willful.

78. To date ULV has not paid the Plaintiffs their wages.

79. By the time set for the Defendant's response to this Complaint, the Plaintiffs will have sent ULV a wage demand pursuant to C.R.S. § 8-4-109 in the form of this Complaint through service of process.

80. ULV's continued failure to fully pay the Plaintiffs their back overtime wages will make them liable not simply for the Plaintiffs' and the Class Members' back wages representing an overtime premium based on their regular rate for all hours worked in excess of 40 in a week and 12 in a day, but also statutory penalties, reasonable attorney's fees, and the costs of this litigation. C.R.S. §§ 8-4-103, 8-4-109, 8-4-110.

81. Valdez estimates that she worked approximately 574 hours of overtime for which she did not receive overtime premium pay based on her regular rate of pay during the relevant period. She is therefore entitled to unpaid overtime wages, plus penalties, reasonable attorney's fees, and costs.

82. Abeyta estimates that he worked approximately 433 hours of overtime for which he did not receive overtime premium pay based on his regular rate of pay during the relevant period. He is therefore entitled to unpaid overtime wages, plus penalties, reasonable attorney's fees, and costs.

83. Franklin estimates that he worked approximately 788 hours of overtime for which he did not receive overtime premium pay based on his regular rate of pay during the relevant period. He is therefore entitled to unpaid overtime wages, plus penalties, reasonable attorney's fees, and costs.

84. Childs estimates that he worked approximately 805 hours of overtime for which he did not receive overtime premium pay based on his regular rate of pay during the relevant period. He is therefore entitled to unpaid overtime wages, plus penalties, reasonable attorney's fees, and costs.

85. The Class Members are entitled to similar amounts.

**COUNT II:**
**FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF**
**COLORADO WAGE AND HOUR LAW**
**On Behalf of the Plaintiffs and the Class**
Colo Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

86.     The Plaintiffs hereby incorporate the allegations in each of the foregoing paragraphs as though fully set forth herein.

87.     The COMPS Order #36 expressly entitled the Plaintiffs and the Class Members to paid 10-minute rest breaks for every four hours of work, or major portions thereof, during the relevant period.

88.     Under Colorado Wage and Hour Law, ULV was required to permit the Plaintiffs and the Class Members a paid 10-minute rest break for every 4 hours of work, or major portions thereof.

89.     Under Colorado Wage and Hour Law, ULV was required to pay the Plaintiffs and the Class Members at their regular rate of pay for all time spent on rest breaks.

90.     As the Plaintiffs and the Class Members were paid a daily salary plus bonuses for all hours worked, ULV was required to pay the Plaintiffs and the Class Members for 10-minutes at their overtime premium rate for that week for each denied rest break that extended the workers' time worked beyond 40 hours in a week or 12 in a day.

91.     ULV violated Colorado Wage and Hour Law by denying the Plaintiffs and the Class Members all rest breaks for every four hours of work, or major portions thereof.

92.     Because ULV was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during the relevant period, the Defendant's violations were willful.

93.     Because ULV became aware of the requirements of Colorado Wage and Hour Law during the relevant period, and nevertheless failed to permit rest breaks or pay the Plaintiffs their owed overtime wages for denied rest breaks, the Defendant's violations were willful.

94.     To date, ULV has yet to remit payment.

95.     Due to ULV's failure to permit rest breaks, the Plaintiffs and the Class Members are entitled to back wages representing 10 minutes of pay at an overtime premium based on their regular rate for each rest break denied, plus statutory penalties, reasonable attorney's fees, and the costs of this litigation. C.R.S. §§ 8-4-103, 8-4-109, 8-4-110.

96. Valdez estimates that she was denied approximately 511 rest breaks for which she did not receive overtime premium pay during the relevant period. She is therefore entitled to unpaid overtime wages based on her regular rate of pay for each week, plus penalties, reasonable attorney's fees, and costs.

97. Abeyta estimates that he was denied approximately 439 rest breaks for which he did not receive overtime premium pay during the relevant period. He is therefore entitled to unpaid overtime wages based on his regular rate of pay for each week, plus penalties, reasonable attorney's fees, and costs.

98. Franklin estimates that he was denied approximately 581 rest breaks for which he did not receive overtime premium pay during the relevant period. He is therefore entitled to unpaid overtime wages based on his regular rate of pay for each week, plus penalties, reasonable attorney's fees, and costs.

99. Childs estimates that he was denied approximately 558 rest breaks for which he did not receive overtime premium pay during the relevant period. He is therefore entitled to unpaid overtime wages based on his regular rate of pay for each week, plus penalties, reasonable attorney's fees, and costs.

100. The Class Members are entitled to similar amounts.

### COUNT III:
### UNLAWFUL DEDUCTIONS IN VIOLATION OF COLORADO WAGE AND HOUR LAW
### On Behalf of Abeyta, Individually
Colo Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

103. Plaintiff Abeyta hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

104. Under Colorado Wage and Hour Law, an employer may only deduct from an employee's wages in limited circumstances. *See* C.R.S. § 8-4-105; 7 CCR 1103-1, Rule 6.

105. ULV's acts of deducting from Abeyta's wages for damages he caused were unlawful deductions.

106. Because ULV was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during Abeyta's employment, ULV's violations were willful.

107. Abeyta estimates that ULV unlawfully deducted approximately $958.00 during his employment.

10

108.  ULV's unlawful deductions from Abeyta's wages makes it liable not only for the back wages, but also statutory damages and penalties set out in the above law, along with reasonable attorney's fees, pre- and post- judgment interest and litigation costs, which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the Class Members, respectfully ask that the Court enter judgment against the Defendant and award the Plaintiffs and the Class Members:

A. As soon as practicable, certification of this case as a class action under C.R.C.P. 23, appointment of the Plaintiffs as class representatives and the undersigned attorneys from the Wilhite & Miller Law Firm as class counsel, and notice of the action to all Class Members;

B. A declaratory judgment condemning the Defendant's willful violations of Colorado Wage and Hour Law;

C. Back wages reflecting the overtime compensation due to the Plaintiffs and the Class Members for uncompensated overtime pay and/or for each 10-minute rest period that was denied;

D. Back wages reflecting the unlawful deductions due to Plaintiff Abeyta;

E. All applicable statutory damages and penalties provided under Colorado Wage and Hour Law;

F. A service payment to each of the Plaintiffs for their services to the Class Members;

G. Reasonable attorney's fees incurred in bringing this action;

H. Pre- and post- judgement interest;

I. The costs of this action;

J. An order requiring the Defendant to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

K. Any other and further relief that may be equitable and just.

Respectfully submitted,

*/s/ David H. Miller*
David H. Miller (8405)
Victoria Guzman (55401)

11

        **Wilhite & Miller Law Firm**
        1600 Ogden Street
        Denver, Colorado 80218
        Phone: 303.551.7667
        Fax: 303.832.7102
        E-mail:dhmiller@wilhitelawfirm.com
        vguzman@wilhitelawfirm.com

        *Attorneys for Plaintiffs, individually and on behalf*
        *of all others similarly situated*